IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWIN JONATHAN JONES                        :

                                         :

    v.                                     :   Civil Action No. DKC 09-2922
                                           Criminal Case No. DKC 08-529
                                         :

UNITED STATES OF AMERICA                    :

                                         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the *pro se* motion by Petitioner Edwin Jonathan Jones to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 96). The issues are briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the motion will be denied.

**I.   Background**

On November 17, 2008, Petitioner – along with several others – was charged a multi-count indictment with being an accessory after the fact to an armed bank robbery. Pursuant to a written plea agreement dated December 15, 2008, Petitioner waived indictment and pled guilty to a two-count information charging him with being an accessory after the fact to armed bank robbery and conspiracy to commit money laundering. On June 1, 2009, the court sentenced Petitioner to 96 months' imprisonment, followed by three years' supervised release.

Petitioner did not appeal. Instead, on September 4, 2009, Petitioner filed a "motion to dismiss with prejudice for Fourth Amendment and Fifth Amendment violation" (ECF No. 93), which was denied as untimely on September 21, 2009 (ECF No. 94).

Petitioner filed the instant § 2255 motion on November 4, 2009, which he supplemented on November 30, 2009. (ECF Nos. 96 & 100). The government opposed the motion on March 12, 2010. (ECF No. 111). Although Petitioner sought and received an extension of time to respond to the government's opposition (ECF Nos. 112 & 113), he never filed a reply.

## II. Standard of Review

Title 28 U.S.C. § 2255 requires a petitioner to prove, by a preponderance of the evidence, that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." A *pro se* movant is, of course, entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the Section 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

## III. Analysis

Petitioner seeks relief on the following four grounds: (1) inadequate representation by counsel due to insufficient lawyer/client contact and failure to appoint an investigator; (2) violation of his Fourth Amendment rights based on purportedly unreasonable searches and seizure of his person, home, and personal items; (3) violation of his Fifth Amendment rights based on lack of probable cause supporting his seizure and compelled self-incrimination; and (4) lack of jurisdiction by the district court. (ECF No. 96, at 5-6). As set forth below, none of Petitioner's challenges have merit.

### A. Ineffective Assistance of Counsel

Petitioner's ineffective assistance of counsel claim is governed by the two-step standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The Fourth Circuit explained this test as follows:

> The defendant bears the burden of proof as to both prongs of the standard. First, the defendant must show that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. Courts should be deferential in this inquiry, and have a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The defendant must therefore overcome the presumption that the representation might be considered sound trial strategy.

3

> Second, the defendant must demonstrate that counsel's inadequate performance prejudiced him. Thus, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability, in turn, is defined as a probability sufficient to undermine confidence in the outcome.

*United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010) (internal citations and quotation marks omitted). In the context of a § 2255 motion challenging a conviction following a guilty plea, a petitioner generally establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007).

Although the allegations supporting his ineffective assistance of counsel claim are sparse, Petitioner appears to contend that his court-appointed attorney erred by not spending adequate time with him and by failing to hire an investigator. (ECF No. 96, at 5). These arguments fail for several reasons. First, Petitioner provides only conclusory allegations regarding his counsel's ineffectiveness, contrary to *Strickland*'s mandate that a petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of

reasonable professional judgment." *Strickland*, 466 U.S. at 690. Courts facing similarly sparse allegations in *habeas corpus* petitions have concluded that a claim for ineffective assistance of counsel may fail on that basis alone. *See, e.g.*, *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (holding that "[u]nsupported, conclusory allegations" of ineffective assistance are subject to dismissal), *abrogated on other grounds by Gray v. Netherland*, 518 U.S. 152 (1996); *Wagner v. United States*, 377 F.Supp.2d 505, 509 (D.S.C. 2005) (explaining that "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue"), a*ppeal dismissed*, 146 F.App'x 701 (4th Cir. 2005).

Second, the record evidence – including Petitioner's own sworn testimony – directly contradicts his allegations of ineffective assistance.  In the plea agreement he signed on December 15, 2008, Petitioner affirmed that he was "completely satisfied" with the representation of his attorney.  (ECF No. 55, at 7).  At the plea hearing, Petitioner made several sworn statements about the performance of his attorney, including: (1) that he had met with counsel a few times ("more than two or three"); (2) that counsel always had the time Petitioner thought was necessary to talk about the case; (3) that counsel had

answered all of his questions, and (4) that he was satisfied with the help provided by counsel. (ECF No. 111-1, at 34-35). "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quotation marks and citations omitted); *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

Finally, without any indication as to what benefit would have resulted from additional time with counsel, or what facts or legal theories an investigator might have developed, Petitioner cannot establish either the unprofessional conduct or the actual prejudice prong of *Strickland*. Most significantly, Petitioner fails to allege or show the reasonable probability that, but for his counsel's purported errors, he would not have pled guilty and would have insisted on going to trial. Accordingly, Petitioner's § 2255 motion must be denied to the extent it seeks relief based on ineffective assistance of counsel.

6

B.    Other Grounds For Relief

Petitioner's remaining challenges require little comment. With respect to his conclusory allegations regarding purported violations of his Fourth and Fifth Amendment rights, such arguments are procedurally barred.   The ordinary rule is that "an error can be attacked on collateral review only if first challenged on direct review." *United States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999); *see also United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) ("[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotation marks omitted).   Where a petitioner has procedurally defaulted a constitutional claim by failing to raise it on direct appeal, the claim may be considered for the first time in a § 2255 motion only upon a showing of either "cause and actual prejudice resulting from the errors of which he complains," or a demonstration that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999).

A showing of cause for a procedural default "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493.   To establish actual prejudice,

7

the petitioner must show that the error worked to his "actual and substantial disadvantage," rather than merely creating a possibility of prejudice. *Murray v. Carrier*, 477 U.S. 478, 494 (1986). To establish that a miscarriage of justice would result if the procedurally defaulted claim is not considered, the petitioner "must show actual innocence by clear and convincing evidence" — in other words, "actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted[.]" *Mikalajunas*, 186 F.3d at 493, 494.

Here, Petitioner was required to raise any alleged violations of his Fourth and Fifth Amendment rights on direct appeal. Because he failed to do so,[1] he bears the burden of showing either (1) cause and actual prejudice resulting from the alleged violations or (2) that he is actually innocent of the

---

[1] In his motion, Petitioner represents that he "had no knowledge of appeal being available" and that, upon denial of his untimely motion to dismiss, "the next printed direction was for Defendant to receive and return forms to 28 U.S.C. § 2255." (ECF No. 96, at 4). Here again, Petitioner's allegations are contradicted by the record. At sentencing, the court specifically advised Petitioner as follows: "You waived some of your appeal rights, Mr. Jones, as part of your plea agreement, but if you want to appeal, it must be noted in writing within 10 days of today, so talk that over promptly with [your attorney] so he could help you by filing the appeal if that's what you desire to do." (ECF No. 111-2, at 28; *see also* ECF No. 77).

crimes for which he stands convicted.   Petitioner makes no such showing, precluding consideration of his constitutional claims.

Finally, Petitioner's challenge to the court's jurisdiction is patently frivolous.   This argument is apparently based on some notion that the United States did not own the property on which the crime was committed or that the United States Attorney did not have the authorization of the Attorney General to submit evidence to the grand jury.   These allegations are largely incoherent and are wholly insufficient to question the district court's jurisdiction over Petitioner's criminal case, which was premised on 18 U.S.C. § 3231.

## IV. Conclusion

For the foregoing reasons, the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.   A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.   *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).   A certificate of appealability may issue "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Upon its review of the record, the court finds that Lawal does not satisfy the above standard.

A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge